IN THE UNITED STATES DISTRTICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FORT MARCY COMPOUND
CONDOMINIUM ASSOCIATION,**

      **Plaintiff,**

    **vs.**                                                                                                                 Civ. No. 21-489  JFR/SCY

**STATE FARM FIRE AND
CASUALTY COMPANY,**

      **Defendant.**

**ORDER DENYING MOTION TO BIFURCATE AND STAY**

**THIS MATTER** is before the Court on Defendant State Farm Fire and Casualty Company's Motion to Bifurcate and Stay ("Motion"), filed October 15, 2021.  Doc. 18.  Plaintiff filed a Response on November 19, 2021.  Doc. 23.  Defendant filed a Reply on December 3, 2021.  Doc. 24.  Defendant's Motion seeks to bifurcate and stay discovery on Plaintiff's extra-contractual claims against Defendant until after a jury determines the merits and value of Plaintiff's underlying claim for damages.  Having reviewed the parties' submissions and the relevant law, the Court finds the Motion is not well take and it is **DENIED**.

**BACKGROUND**

On April 19, 2021, Plaintiff filed a "Complaint for Breach of Contract, Bad Faith Insurance Conduct, and Violations of the New Mexico Unfair Insurance Practices Act" in First Judicial District Court.  Doc. 1-1.  Plaintiff is a condominium owners' association responsible for insuring, maintaining and repairing the Fort Marcy Compound Condominiums in Santa Fe, New Mexico.  *Id.* at 3.  Plaintiff's Complaint states that on or about June 2, 2019, a severe wind and hailstorm swept through the Santa Fe area causing substantial harm to the Fort Marcy

property. *Id.* at 5-6. Plaintiff hired an adjusting firm to determine the extent of the damages to the property. *Id.* The adjusting firm prepared a sworn Proof of Loss estimating a replacement cost value.[1] *Id.* Plaintiff subsequently presented the Proof of Loss to Defendant and made a claim on its insurance policy with Defendant. *Id.* at 6-7. Defendant then investigated the claim and made its own assessment of the damages and value of Plaintiff's claim which turned out to be substantially less than the adjusting firm's assessment.[2] *Id.* at 7-8. Plaintiff's Complaint alleges that Defendant breached its contract by refusing to perform its obligations under its terms and pursuant to New Mexico law. *Id.* at 10-11. Plaintiff's Complaint also alleges that Defendant breached the implied covenant of good faith and fair dealing and violated the New Mexico Unfair Insurance Practices Act. *Id.* at 11-16.

Defendant removed the action to this Court on May 27, 2021, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Doc. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) allows that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation under Rule 42(b) is "appropriate 'if such interests favor separation of issues and the issues are clearly separable,' " *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217-18 (D.N.M. Sept. 13, 2016) (quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003)), such as "when the resolution of one claim may eliminate the need to adjudicate one or more other

---

[1] The adjusting firm, C3 Group, Inc., provided a sworn Proof of Loss estimating a Replacement Cost Value of $3,342,102.81 to repair the damage to the property caused by the storm. Doc. 1-1 at 7.

[2] Defendant estimated damages to the property at $90,286.96 ($87,068.45 in damage to HVAC systems and $3,218.51 in damage to parapet walls of two buildings). Doc. 1-1 at 7.

claims." *Id.* at 1218 (citation omitted).  However, bifurcation is "inappropriate when it will not appreciably shorten the trial or [a]ffect the evidence offered by the parties because claims are inextricably linked." *Buccheri v. GEICO Ins. Co.*, No. 17-CV-0490 LF/KK, 2017 WL 3575486, at *2 (D.N.M. Aug. 17, 2017) (quotation omitted).  Further, bifurcation "is an abuse of discretion if it is unfair or prejudicial to a party." *Ortiz*, 207 F. Supp. 3d at 1218 (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

The Court has broad and considerable discretion in deciding whether to sever issues for trial.  *Buccheri*, 2017 WL 3575486, at *1 (citing *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010)).  To that end, "bifurcation is decided on a case-by-case basis and should not be regarded as routine." *Id.* at *2 (citing *Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97-98 (E.D. Pa. 1990)).  The burden is on the moving party to show bifurcation is needed "as a single trial normally lessens the expense and inconvenience of litigation." *Ortiz*, 207 F. Supp. 3d at 1217.  The Court also has broad discretion in managing its docket, including staying portions of discovery.  *Willis v. Government Employees Ins. Co.*, No. 13-280 KG/KK, 2015 WL 11181339, at *1 (D.N.M. June 17, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

## **ANALYSIS**

Defendant asserts that bifurcation and a stay of discovery related to Plaintiff's extra-contractual claims is appropriate because adjudication of Plaintiff's underlying claim for property damage is a necessary factual antecedent to any consideration of Plaintiff's extra-contractual claims.  Doc. 18 at 3-6.  Defendant explains that the value of Plaintiff's damages claim has not yet been determined and that a genuine dispute exists between the parties as to the nature, extent and value of Plaintiff's damages, and whether, and to what extent,

benefits are owed to Plaintiff under the applicable policy. *Id.* Defendant argues it has a right to first litigate the dispute over the value of the underlying claim before any extra-contractual claims are brought and that a determination of the underlying value dispute may very well render Plaintiff's bad faith claims moot. *Id.*

Defendant further asserts that bifurcating the claims will conserve judicial resources and avoid confusion of the jury and prejudice to Defendant at trial. Doc. 18 at 5-7. Defendant explains that the parties would spend less time and judicial resources if the discovery was limited to the underlying value dispute without addressing the extra-contractual claims at the same time, and that resolution of Plaintiff's causation and damages claim may potentially render Plaintiff's bad faith claim moot. *Id.* Defendant states that issues relevant to Plaintiff's claim for damages and its extra-contractual claims are distinct rendering the scope of discovery different – one involves damages allegedly resulting from the storm and the other involves claims handling procedures and policies. *Id.* Defendant also states that discovery on the extra-contractual claims may involve proprietary and confidential claims handling procedures not relevant to Plaintiff's damages claim. *Id.* Last, Defendant contends that the jury's consideration of testimony on Plaintiff's extra-contractual claims would result in confusion or improperly influence the jury's decision regarding whether Plaintiff is entitled to damages at all. *Id.* In other words, Defendant contends that if the jury were to hear potential evidence of bad faith, it could taint the jury's ability to fairly decide the issues of causation and damages thereby prejudicing Defendant. *Id.*

Defendant primarily relies on two New Mexico District Court cases to support its position, *i.e., Aragon v. Allstate Ins. Co.*, 185 F.Supp.3d 1281 (D.N.M. 2016) and *Ortiz v. Safeco Ins. Co. of America*, 207 F.Supp.3d 1216 (D.N.M. 2016). *Id.* In *Aragon*, the plaintiff brought a claim against her insurer for underinsured motorist ("UIM") benefits, as well as extra-contractual

claims for failure to settle. 185 F.Supp.3d at 1282, 1287. The court explained that to recover UIM benefits, a plaintiff must establish the tortfeasor's negligence by proving duty, breach of duty, causation, and damages that exceed the tortfeasor's liability limits. *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Safeco Ins. Co.,* 2013-NMSC-006, 298 P.3d 452, 456). The parties in that case disputed whether the plaintiff was entitled to UIM benefits because they disputed the extent and value of the plaintiff's injuries. *Id.* at 1283. The court further explained that, in contrast to a claim for UIM proceeds, bad faith failure to pay requires a showing that the insurer's "reasons for denying payment . . . were frivolous or unfounded," and a claim under the Unfair Insurance Practices Act requires a showing that the insurer "failed to attempt in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear." *Id.* at 1288 (citing *Sloan v. State Farm Mut. Auto. Ins. Co.,* 2004-NMSC-004, 85 P.3d 230, 236, and NMSA § 59A-16-20(E)).

     The *Aragon* court held that a UIM carrier is not required to pay on the policy until the plaintiff proves she is legally entitled to collect UIM damages. *Id.* at 1286. In other words, the court determined that a plaintiff has no extra-contractual claims for failure to pay until she first proves she is legally entitled to UIM coverage. To do this, she must prove all the elements of a UIM claim including damages that exceed the tortfeasor's liability limits. Accordingly, the court reasoned that an extra-contractual claim for failure to settle "may only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the [plaintiff] against the insured." *Id.* at 1285 (quoting *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 89 P.3d 69) (emphasis in original). As such, "bifurcation (or dismissal) is mandatory because, under New Mexico law, resolution of the UIM claim is a condition precedent to [the plaintiff] bringing claims for bad faith [failure to pay]." *Id.* at 1286;

*see also Ortiz*, 207 F.Supp.3d at 1222 (opinion issued four months after *Aragon* reaching the same conclusion on an uninsured motorist ("UM") claim).

Plaintiff asserts that bifurcation and staying discovery on the extra-contractual claims are unnecessary and unwarranted in this case. Doc. 23 at 7-12. Plaintiff explains that it claims Defendant breached the contract by not only failing to pay a sufficient amount to address the covered damages to the insured property, but also for failing to perform its obligations under the terms of the policy, such as failing to engage in meaningful communication, failing to affirm coverage within a reasonable time, failing to timely and fairly investigate the claim, delaying resolution of the claim, and wrongfully denying payment for covered damages. *Id.* Plaintiff also points out that this is not a UIM case, that the case law Defendant cites does not support bifurcation here, and that resolution of the breach of contract claim will not necessarily make its bad faith claim moot. *Id.* at 13-15 To the contrary, Plaintiff cites *Sanchez v. Safeco Ins. Co. of America*, 2015 WL 12832335 (D.N.M. 2015), to support its assertion that determination of damages for a breach of contract is not always necessary before a plaintiff can demonstrate bad faith in an insurer's handling of a claim.[3] *Id.* at 7-12.

Plaintiff asserts that Defendant's claim file materials and how Defendant internally handled the claim are relevant both to the contract claim and the bad faith claim, including Defendant's analytical process when arriving at its claim decision and its consideration of putative policy exclusions. Doc. 23 at 8-12. Plaintiff states that it is entirely probable that the same individuals for each party will need to be deposed on both the breach of contract and bad

---

[3] In *Sanchez v. Safeco Ins. Co. of America*, the court denied defendant's motion to bifurcate and stay discovery on extra-contractual claims after finding that plaintiff's extracontractual claims were not dependent on the contractual claim, a determination of actual damages on the contract claim was not necessary before plaintiffs could demonstrate bad faith, that the existence of coverage was not in dispute, and there was no primary tortfeasor liability at issue. 2015 WL 12832335 at *1.

faith claims and that bifurcating and staying discovery on the extra-contractual claims would result in a waste of judicial time and resources.  *Id.*  Plaintiff also argues that Defendant has failed to establish any evidence that is so prejudicial that bifurcation of Plaintiff's claims is necessary to avoid unfair prejudice at trial or that allowing the claims to proceed simultaneously would result in juror confusion.  Doc. 23 at 12-15.

Last, although Plaintiff urges that no bifurcation of any sort is warranted, it suggests that were the Court concerned that some bifurcation may be necessary that the Court consider bifurcating only the trial of this matter.  Doc. 23 at 16.

The Court is not persuaded that bifurcation of and staying discovery on the extra-contractual issues is appropriate in this case.  To begin, the cases Defendant cites to support its argument turn on the question of whether a plaintiff must establish underlying damages before being legally entitled to UIM/UM benefits.  This case, however, is not a UIM/UM case and there is no issue of underlying tortfeasor liability to establish.  Nor is this a case where the existence of coverage is in dispute.  Moreover, in New Mexico, a bad faith claim does not require the resolution of an underlying dispute regarding coverage or the amount of a claim.  *Willis v. Government Employees Ins. Co.*, 2015 WL 11181339, at *3 (D.N.M. 2015).  New Mexico courts have held that "an insurer acts in bad faith when it denies a first party claim for reasons that are frivolous or unfounded" or when an insurer refuses to settle "based on a dishonest judgment."  *Id.* (citations omitted).  Further, an insurer in New Mexico can act in bad faith in its handling of a claim "for reasons other than its refusal to pay" a claim in full.  *Id.* (citations omitted).  Here, Plaintiff's extracontractual claims are based on more than its allegation that State Farm failed to pay its claim in full.  Instead, Plaintiff alleges that State Farm failed to perform its obligations under the terms of the policy, such as failing to engage in

7

meaningful communication, failing to affirm coverage within a reasonable time, failing to timely and fairly investigate the claim, delaying resolution of the claim, and wrongfully denying payment for covered damages. Thus, a determination of Plaintiff's actual damages for breach of contract does not appear necessary before Plaintiff can demonstrate bad faith on Defendant's handling of Plaintiff's claim. *Id.*; *see also Sanchez*, 2015 WL 12832335, at *1.

The Court is also not persuaded that bifurcation and staying of discovery on the extra-contractual are more judicially efficient or necessary to prevent jury confusion or unfair prejudice to Defendant at trial. Bifurcation under Rule 42(d) is inappropriate where the evidence to be presented against the parties is inextricably linked. *Buccheri v. GEICO Ins. Co.*, 2017 WL 3575486, at *4 (D.N.M. 2017) (citation omitted). Although Defendant claims that the issues and discovery here are distinct – one involving damages allegedly resulting from the storm and the other involving claims handling procedures and policies, the Court is persuaded that *how* State Farm determined the extent and value of the damages resulting from the storm is inextricably intertwined with its claims handling procedures and policies. Put another way, relevant to both issues is the amount of Plaintiff's damages (the central issue in Plaintiff's contractual claim) and whether Defendant's assessment of Plaintiff's damages constituted bad faith (one of the issues in Plaintiff's extra-contractual claims). *Sena-Baker v. Allstate Property and Cas. Ins. Co.*, 2020 WL 5748355, at *5 (D.N.M. 2020). Further, presenting the coverage claim would entail presenting evidence regarding the formation of the contract, the parties' intent at the time of the contract, and the terms of the contract. *Huss v. American Family Ins. Co.*, 2014 WL 12465421, at *3 (D.N.M. 2014). "This [breach of contract] evidence is also relevant to the unfair trade practices and bad faith claims." *Id.* As for any concerns about producing proprietary or privileged information, Defendant can address those concerns through a confidentiality order or

filing discovery motion as appropriate.  As such, judicial economy is best served by allowing Plaintiff to proceed with all of its claims simultaneously.

Finally, the Court is not convinced that allowing the claims to proceed simultaneously creates a substantial risk of juror confusion or that it will prejudice States Farm at trial.  As the Honorable District Judge Kenneth Gonzales stated, "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case.  Sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice." *Willis*, 2015 WL 11181339, at*4.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Bifurcate and Stay is not well taken and is **DENIED**.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**